IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-CR-00010-MSK-10

UNITED STATES OF AMERICA,

    Plaintiff,

v.

10. JOHNIE A. MYERS,

    Defendant.

## PLEA AGREEMENT

THE UNITED STATES OF AMERICA, through United States Attorney John F. Walsh, by the undersigned Assistant U.S. Attorney, hereinafter referred to as the Government, and the defendant, JOHNIE A. MYERS, hereinafter referred to as the defendant, personally, and by his counsel of record, NORMANDO R. PACHECO, Esq., submit the following Plea Agreement and Stipulation of Facts relevant to sentencing, pursuant to the provisions of Fed. R. Crim. P. 11 and D.C.COLO.LCrR 11.1. It is the intention of the parties to resolve all pending criminal issues [excluding any tax issues, if any exist (none are presently known to the parties)] between the defendant and the Government through the resolution of this case. The parties understand and agree that in the event the agreement represented herein is not accepted by the Court or is not entered into by the defendant, the Government will proceed with the prosecution of the defendant according to law, to include superseding indictment. *Ricketts v. Adamson*, 483 U.S. 1, 9-12 (1987)(agreement void and government permitted to reinstate original charges when defendant failed to completely fulfill his obligations pursuant to the plea agreement).

Court's Exhibit 1

## I. AGREEMENT

A. The defendant agrees to plead guilty to Count Thirty-Two of the Superseding Indictment (DOC 180) returned against him in this matter alleging a violation of Using and Maintaining Drug-Involved Premises and Intentionally Aiding and Abetting, in violation of Title 21 U.S.C. § 856(a)(1) and (2) and Title 18 U.S.C. § 2.

B. In exchange for his plea of guilty to Count Thirty-Two, the Government agrees to file a motion to dismiss the remaining counts of the superseding indictment and the indictment in this case as to the defendant, to be effective after the Court accepts the defendant's plea of guilty.

C. Further, in exchange for the defendant's full and truthful cooperation with law enforcement in any state or federal prosecution or investigation as requested by the Government, the Government expects to file a motion asking the Court to grant a 30% to 40 % downward adjustment from the bottom of the Government's calculation of the applicable Guideline range.

D. The parties understand the U.S. Sentencing Guidelines are advisory in nature and the Court will impose a sentence in its sound discretion and in accordance with the terms of Title 18 U.S.C. Section 3553. By agreement, the Government will be asking for a sentence within the framework of the Sentencing Guidelines. The defendant and the Government reserve full rights to contribute or to object to the process setting the applicable Guidelines range. The Government may file pleadings, present argument or offer evidence if the Government believes it is in the best interest of justice to respond to defense representations and argument or if the Government is of the opinion that an error has been made by the Probation Department or the Court in determining the appropriate

2

Guidelines range.

E. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the adjusted offense level is greater than 13 and imposes a sentence based upon that offense level determination. Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742. The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

F. In consideration of the defendant's plea of guilty and the imposition of sentence on said Count Thirty-Two, the Government agrees to recommend the full adjustment for acceptance of responsibility. If the defendant meets the above stated deadline for entry

3

of his notice of disposition and effectively withdraws and withholds any pretrial motions, the Government further agrees to recommend a sentence at the bottom of the applicable sentencing guidelines range as determined by the Court.

G. In consideration of the defendant's withholding any pretrial motions, his plea of guilty and the imposition of sentence pursuant to said plea, the Government agrees to recommend the full adjustment for acceptance of responsibility.

H. The parties understand the U.S. Sentencing Guidelines are advisory in nature and the Court will impose a sentence in its sound discretion and in accordance with the terms of Title 18 U.S.C. Section 3553. By agreement, the Government will be asking for a sentence within the framework of the Sentencing Guidelines. The defendant and the Government reserve full rights to contribute or to object to the process setting the applicable Guidelines range. The Government anticipates filing a Section 5K1.1 motion on behalf of the defendant; in the circumstances of this case, the Government does not object to the defendant asking the Court for an additional departure or a variant sentence, but the Government reserves the right to respond to such a motion for a variant sentence or a departure if the Government determines it is in the interest of justice to file such a response. The parties also agree that the Government may file pleadings, present argument or offer evidence if the Government believes it is in the best interest of justice to respond to defense representations and argument in general or if the Government is of the opinion that an error has been made by the Probation Department or the Court in determining the appropriate Guidelines range.

I. The parties understand the Court is not bound by positions of the parties. The parties understand the Court will impose a sentence in accordance with the provisions of

4

Title 18 U.S.C. Section 3553.

## II. ELEMENTS OF THE OFFENSE

With respect to Count Thirty-Two of the Superseding Indictment, Using and Maintaining Drug-Involved Premises and Intentionally Aiding and Abetting, in violation of Tile 21 U.S.C. § 856(a)(1) and (2) and Title 18 U.S.C. § 2, the defendant admits the following elements of the crime charged:

(1) Between on or about January 1, 2010 through on or about January 20, 2012 ;

(2) within the State and District of Colorado;

(3) the defendant;

(4) intentionally aided and abetted members and officers of the Colorado Chapter of Hell's Lovers Motorcycle Club (HLMC) by knowingly participating as a "fully patched" and "christened" HLMC member, and by visiting and patronizing the premises of the HLMC clubhouse;

(5) then knowing said clubhouse was routinely and repeatedly used by a number of persons as a location for consuming marijuana and cocaine;

(6) marijuana being a Schedule I controlled substance and cocaine being a Schedule II controlled substance.

## III. STATUTORY PENALTIES

A. The maximum statutory penalty for the offense charged in Count Thirty-Two is not more than 20 years imprisonment, a fine of up to $500,000.00, or both; a term of supervised release of not more than 3 years following any period of imprisonment; and a $100.00 special assessment. Count Thirty-Two charges the defendant with a Class C

5

felony. See Title 18 U.S.C. Section 3559(a).

B. A violation of the terms and conditions of probation or supervised release is likely to result in a penalty that includes a period of imprisonment.

## IV. COLLATERAL CONSEQUENCES

A federal felony conviction may have substantial consequences for a person's civil rights and abilities, such as the ability to qualify for certain professional licenses, the right to own, use, or carry a firearm, the right to hold elected office, the right to serve on a jury, or the right to vote during a period of confinement. If a person is not a citizen of the United States, a felony conviction will result in that person's deportation or removal from the United States.

## V. STIPULATION OF FACTS

A. The parties agree there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offenses of conviction, consider relevant offense conduct, and consider other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to these considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement,

B. This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

C. The parties agree that the date on which the relevant offense conduct began is on or about January 1, 2010. The parties stipulate and agree the Government's evidence at trial would establish the following as to Count Thirty-Two:

(1) Between January 1, 2010 and January 20, 2012, as witnessed in part by an ATF undercover Special Agent (UC) and a number of confidential human sources of information (CIs) working with law enforcement, on Friday and Saturday nights of the average week, the premises informally known as the Hell's Lovers Motorcycle Club (HLMC) clubhouse, located in the Denver metropolitan area, within the District of Colorado, would be the scene of gatherings where HLMC members and visitors consumed Marijuana and cocaine. The HLMC clubhouse was the scene of cocaine or Marijuana consumption by 30 to 40 persons on any given Friday or Saturday night. The defendant paid monthly dues to support HLMC activities including the maintenance and use of the HLMC clubhouse.

(2) On or about January 20, 2012, the routine and repeated use of Marijuana and cocaine at the HLMC clubhouse was known to the defendant. The clubhouse was operated under the direction of the HLMC "christened members" and the officers of the Colorado chapter of the HLMC. The defendant knew Marijuana was shared and used routinely and regularly at the HLMC clubhouse. The defendant used Marijuana at the clubhouse. The defendant was a "christened" member of HLMC and served as treasurer for the Colorado Chapter of HLMC. By visiting and patronizing the clubhouse, the defendant intentionally aided and abetted the HLMC Colorado Chapter "christened" members and officers to maintain the HLMC clubhouse as a place where marijuana and cocaine were routinely shared and consumed.

(3) The HLMC clubhouse was supported and maintained by profits from

sales of refreshments and by dues paid by active members of the HLMC, including fully patched and "christened" members, probationary members, prospective members, and "property of" female associates. Clubhouse expenses such as rent and utilities were paid by the HLMC Chapter treasurer using HLMC funds collected from the sales of beverages and dues paid by the members and associates.

(4) The defendant acted as treasurer of the Colorado Chapter of HLMC.

(5) As a part of normal HLMC clubhouse activities during the period of January 1, 2010, through January 20, 2012, fully patched and "christened" members routinely brought firearms to the clubhouse, a fact consistent with CHS information and the observations of the ATF UC special agent. On January 20, 2012, a search warrant was executed on the HLMC Clubhouse premises and several firearms and ammunition were recovered by investigators. One of the firearms recovered matched ammunition found on the person of a fully patched and "christened" HLMC member who was present at the clubhouse and who was identified as an "enforcer" for HLMC. One of the firearms found on the premises on January 20, 2012, was in a distinctive HLMC patched vest – the vest displayed a number of HLMC patches including the "Corrupt Crew" patch. Both firearms were tested and were found to function as designed.

B.   For purposes of relevant offense conduct calculations in relation to this plea agreement, the parties stipulate the quantity of cocaine shared and consumed at the HLMC clubhouse during the period of December 1, 2011, through January 2012 was less than 20 grams of cocaine mixture and substance and the amount of marijuana shared and consumed at the HLMC clubhouse was less than 1 kilogram of marijuana.

C.   The statement of facts herein does not preclude either party from presenting

and arguing, for sentencing purposes, additional facts or evidence which a party believes relevant to sentencing. Further, the Court is not bound by the factual stipulations of the parties. In determining the factual basis for the sentence, the Court may consider not only the stipulations of the parties, but also the results of any pre-sentencing investigation that will be conducted by the U.S. Probation Department, together with any other relevant information that may be brought to the Court's attention. See §1B1.4, U.S.S.G.

## VI. ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

A.  The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies which matters are in dispute. The defendant is also aware that a sentence imposed under the Guidelines does not provide for parole. Knowing these facts, the defendant agrees this Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offenses

B.  The defendant is also aware that any estimate of the probable sentencing range that he may receive from his counsel, the Government or the Probation Department, is a prediction, not a promise, and is not binding upon the Government, the Probation Department or the Court. The defendant understands and agrees he may not withdraw his pleas solely as a result of the sentence imposed.

C. The following factors, stipulated to by the parties, are deemed to be relevant to the sentencing of this defendant under the Guidelines and are intended to advise the Court and the Probation Department of the parties' calculations in advance of the preparation of the pre-sentencing investigation report (PSI), as set forth under § 6B1.4 of the Guidelines:

(1) The government asserts and the parties stipulate the offense level for Count Thirty-Two is 12 under Section 2D1.8(a)(1) and 2D1.1(14)(less than 25 grams of cocaine).

(2) The parties stipulate there are no victim-related or obstruction adjustments. Under Section 3B1.1(c), the Government submits there should be a two level increase for role in the offense because the defendant was an officer (treasurer) of the HLMC Colorado Chapter. The defendant opposes an adjustment for role in the offense; defendant may choose to argue for a minor role in the offense adjustment. If the Court makes the 3B1.1(c) adjustment, the adjusted offense level will be 14.

(3) Under Section 2D1.1(b)(1) the Government asserts that the presence of firearms on January 20, 2012, and at other times during the period, was reasonably foreseeable and the defendant should receive a two level increase for the presence of firearms at the HLMC Clubhouse. The government further contends that fully patched HLMC members are responsible for the reasonably foreseeable conduct of other HLMC members bringing firearms to the clubhouse. The defendant

objects to the firearms adjustment and reserves the right to oppose the application of the firearms adjustment. The defendant was opposed to the presence of firearms at the HLMC Clubhouse. The two level increase would make the adjusted offense level 16. The defendant also objects to the application of the 2D1.1(b)(12) adjustment.

(4) The defendant timely filed his notice of disposition and withdrew or withheld his pretrial motions; the Government joins in the defendant's request that he receive the full two level (or three levels if the base offense level is 16 or above) acceptance of responsibility decrease under §3E1.1(a) and (b). If granted, according to the Government's calculations, the adjusted offense level would be **13.**

(5) The defendant has only one PCS matter, one 3rd degree assault, and traffic violations on his record as an adult. The entries on his record appear to be too old to count for Guidelines purposes. The last violation seems to be from 1978. Government estimates the defendant qualifies for Criminal History Category I. The defendant does not necessarily agree with the Government's estimate, and further reserves the right to request a departure or a variance as to the defendant's Criminal History Category. The parties understand and agree the Government's estimate regarding the defendant's criminal history category is a projection, and the final criminal history category will be determined by the Court following a review of the pre-

sentencing investigation report. The defendant understands and agrees this Plea Agreement is not conditioned upon the defendant being in a particular criminal history category. The defendant reserves the right to argue for a lower criminal history determination. The defendant reserves the right to ask the court to depart from the guidelines determination of his criminal history category. The Government may file a response to a motion for a departure or a variant sentence.

(5) The defendant may be eligible for "safety valve" consideration because he has debriefed with the Government; the defendant may not be eligible because a firearm was found on the HLMC Clubhouse premises. Section 5C1.2. If the defendant qualifies for the safety valve, his offense level would be decreased by two levels under Section 2D1.1.(c)(16). The adjusted offense level would be 11.

## GUIDELINES PREDICTION

(D) The Guidelines' sentencing range for Count Thirty-Two, resulting from an adjusted offense level of 11, Criminal History Category I, is a sentence with a term of imprisonment of 10-16 months. The maximum guideline range for Level 11, Criminal History Category VI, is a term of imprisonment of 27-33 months. The parties understand the Sentencing Guidelines are merely advisory to the Court and understand the Court will impose a sentence in its sound discretion and in accordance with factors in Title 18 U.S.C. Section 3553. The Court may impose a sentence up to the statutory maximum provided by law. For purpose of illustration, if the Government files a Section 5K1.1 for the

12

defendant's substantial assistance to law enforcement, asking for a 40% reduction from the lower end of the applicable Guideline Range, assuming the defendant did not qualify for the safety valve adjustment and had an offense level of 13 with a Criminal History Category I, a 40% reduction of the resulting 12-18 month range would mean a Government recommendation of a sentence of 8 months, which would be a Zone B sentence under Section 5B1.1(a)(2). The parties understand that the Court will impose a sentence in its sound discretion and in accordance with the factors set forth in Title 18 U.S.C. § 3553.

(E) Pursuant to §5E1.2, the range of a fine for offense level 13 for the offense of conviction is $3,000.00 to $30,000.00.

(F) In the event of conviction and imprisonment, the defendant is subject to the imposition of a term of supervised release of not more than 3 years and a mandatory special assessment of $100 per count of conviction.

(G) The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

(H) No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18

U.S.C. §3553 factors.

(I)   The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. §3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. §3553 factor.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurance, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurance not expressly stated in this agreement.

## 5. WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE

The parties believe the sentencing range resulting from the proposed plea agreement is appropriate because all pertinent readily provable relevant conduct is disclosed, the sentencing guidelines take into account all pertinent sentencing factors with respect to this defendant, and the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant

14

have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 6/11/12

By: _____
NORMANDO R. PACHECO, ESQ.
ATTORNEY FOR DEFENDANT MYERS

Date: 6/11/12

By: _____
JOHNIE A. MYERS
DEFENDANT

Date: 7 JUNE 12

By: _____
GUY TILL
ASSISTANT U.S. ATTORNEY

N:\GT\RHLMC_MYERS_PLEA_AGREEMENT_7_June_Template.wpd