```
1                  IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLORADO
2
     Criminal Action No. 12-cr-00010-MSK
3
     UNITED STATES OF AMERICA,
4
          Plaintiff,
5
     vs.
6
     JOHNIE A. MYERS,
7
          Defendant.
8
     _____
9
                           REPORTER'S TRANSCRIPT
10                        (Sentencing Hearing:  Order)

11   _____

12         Proceedings before the HONORABLE MARCIA S. KRIEGER,

13   Judge, United States District Court for the District of

14   Colorado, commencing at 9:02 a.m., on the 17th day of October,

15   2012, in Courtroom 901A, United States Courthouse, Denver,

16   Colorado.

17                              APPEARANCES

18         GUY TILL, Assistant U.S. Attorney, 1225 17th Street,

19   Suite 700, Denver, Colorado, 80202, appearing for the

20   plaintiff.

21         NORMANDO PACHECO, Attorney at Law, 2371 Locust,

22   Denver, CO 80207, appearing for the defendant.

23
                       THERESE LINDBLOM, Official Reporter
24                  901 19th Street, Denver, Colorado 80294
                  Proceedings Reported by Mechanical Stenography
25                    Transcription Produced via Computer
```

1          (The following proceedings were had and entered of
2     record after the Court heard the arguments of counsel and
3     statement of defendant:)
4          *THE COURT:*  Then I'll announce the sentence I intend
5     to impose.  Of course, counsel, you'll have a final opportunity
6     to make legal objections before judgment is entered.  If you
7     believe that the sentence I described is premised upon error or
8     I raise an issue that you haven't had adequate opportunity to
9     address, I invite you to request a continuance.
10          Imposition of a sentence in a federal criminal case is
11    governed by a number of statutes.  The umbrella statute is 18
12    U.S.C. Section 3553.  In imposing sentence in this case, as in
13    all cases, the Court is required to consider the objectives and
14    factors that are set out in this statute.  The statute requires
15    a sentence to be sufficient but not greater than necessary to
16    satisfy particular objectives; the sentence must reflect the
17    seriousness of the offense; promote respect for the law;
18    provide just punishment; adequately deter criminal conduct;
19    protect the public from further crimes by the defendant; and
20    provide the defendant with needed educational or vocational
21    training, medical care, or other correctional treatment in the
22    most effective manner.
23          To fashion a sentence that meets these objectives, the
24    statute directs the Court to consider the nature and
25    circumstances of the offense; the history and characteristics

1  of the defendant; the kinds of sentences that are available;
2  the sentence prescribed by the federal sentencing guidelines;
3  the need to avoid unwarranted sentence disparities among
4  defendants with similar records found guilty of similar
5  conduct; and in the appropriate case, the need for restitution.
6       At the beginning of this hearing, I identified the
7  documents that I had studied in preparation for the hearing,
8  confirmed with counsel that they and the defendant had had an
9  opportunity to review and consider those documents, and that
10 there were no additional documents that provided different or
11 material information that the Court should consider.  The
12 parties stipulated that there was no objection to the facts
13 contained in the presentence report and that there was no
14 objection to the guideline calculation contained in the report.
15 It is that guideline calculation that we begin with.
16      The Base Offense Level for violation of 21 U.S.C.
17 Section 856(a)(1) and (2) and (b) is set by Section 2D1.8(a)(1)
18 at 12.  This is because the stipulation of facts contained in
19 the plea agreement provide that the defendant is responsible
20 for transactions involving 20 grams of a cocaine mixture and
21 less than 1 kilogram of marijuana.  Approximately 20 grams of
22 cocaine powder is translated to 4 kilograms of marijuana.  And
23 when this amount is added to less than 1 kilogram of marijuana,
24 the range is at least 2.5 kilograms but less than 5 kilograms
25 of marijuana.  This results in a Base Offense Level of 12

1   pursuant to Section 2D1.1(c)(14).

2          There is a specific offense characteristic, and that
3   is because the defendant participated in the maintenance of a
4   premises for the purpose of manufacturing and distributing a
5   controlled substance.  According to the stipulation of facts,
6   the defendant paid monthly dues to support the Hells Lovers
7   motorcycle club activities, which included maintenance and use
8   of a clubhouse.  He was aware of illicit drug use by other
9   members of the club.  This results in a two-level increase, and
10  an Adjusted Offense Level of 14.  Then there is a downward
11  adjustment for his acceptance of responsibility pursuant to
12  Section 3E1.1(a) of the guidelines.  This is a two-level
13  reduction, resulting in a Total Offense Level of 12.

14         Then we turn to the second component in calculating a
15  sentence under the federal sentencing guidelines, and that is
16  criminal history.  Here, there are no criminal history points.
17  Therefore, the defendant is placed in Criminal History Category
18  I.

19         With a Criminal History Category of I and an offense
20  level of 12, the guidelines recommend a custodial time period
21  of 10 to 16 months of incarceration, supervised release of 1 to
22  3 years, a fine of 3,000 to $30,000, and a special assessment
23  of $100.

24         The Government has filed a 5K1.1 motion under the
25  guidelines, requesting a 40 percent reduction from the bottom

1   of the guideline range for purposes of accounting for
2   Mr. Myers' cooperation with the Government.  The Government has
3   made an appropriate showing under the guidelines; and
4   therefore, the Court grants that motion.  That lowers the
5   bottom end of the guideline range to a 6-month incarceration
6   period.
7            The defense asks for imposition of a non-guideline
8   sentence.  And pursuant to the provisions of 18 U.S.C. Section
9   3553, the Court is required to consider what sentence is
10  appropriate to serve the sentencing objectives I referred to a
11  few minutes ago and the Court is required to consider the
12  factors that are in -- set out in that statute.
13           The argument that is made here is that the defendant
14  has no criminal history.  That is taken into account in the
15  calculation under -- of the guidelines.  Therefore, the Court
16  does not consider that for the purpose of a variant sentence.
17           The Court's attention is drawn to the health issues of
18  the defendant.  There has been no showing that those health
19  issues impact the ability to serve a sentence as would be
20  provided by the newly calculated guideline range.  And
21  therefore, the Court does not consider the health issues.
22           The Court has been directed to the various acts of
23  charity that have been performed by the defendant.  And with
24  regard to this, there sometimes is a misconception as to what
25  courts consider for purposes of sentencing.  Sentencing is not

1  about determining whether someone is a good person or a bad
2  person.  Most people have good behaviors and objectionable
3  behaviors.  And here, Mr. Myers has engaged in many wonderful
4  behaviors and good behaviors; but the Court is not sitting here
5  deciding whether or not he's a good person or a bad person, and
6  I'm not weighing the good things that he has done as against
7  the bad things he's done.  That's not the role of the Court.
8          Instead, what I am looking at is exactly what the
9  statute requires me to look at, which is the nature and
10 circumstances of the offense and the history and
11 characteristics of the defendant.  And I look at those things
12 in order to determine both the seriousness of the offense and
13 what sentence is necessary to promote respect for the law and
14 provide just punishment, deter criminal conduct, and protect
15 the public from further crimes by the defendant.
16         Here, I'm not sure that we need to protect the public
17 from dangerous crimes by the defendant.  This defendant has
18 been convicted of a crime that really is a passive act.  He's
19 an enabler; he enabled criminal activity to go on.  And I agree
20 with Mr. Pacheco's distinction between those bike riders who
21 participated in this club who essentially paid their dues and
22 turned a blind eye to what was going on from those bike riders
23 who used drugs and those bike riders who sold drugs.
24         Now, Mr. Myers falls into the first category.  And I
25 don't mean to diminish the seriousness of the conviction here,

1    because those law-abiding citizens who turned a blind eye to
2    criminal behavior enabled it.  And we all are in a circumstance
3    where if we enable crime, we are facilitating it.  That is
4    exactly what Mr. Myers did.  But it's not of the same degree of
5    seriousness as the conduct of the bike riders who used drugs,
6    and certainly not the bike riders who sold drugs.  So taking
7    into account the seriousness of the offense, I note that it is
8    serious, but not as serious as the conduct of others involved
9    in this case.
10           As to the objective of promoting respect for the law,
11   Mr. Myers has a lengthy history of following the law and
12   abiding by the law.  And as I said, his actions in this case
13   were, essentially, passivity, tolerating the breaking of the
14   law, not advocating it.
15           Then I look to whether or not we have a concern with
16   regard to providing a sentence that will deter criminal
17   conduct.  Here, there is a need for a sentence that deters
18   criminal conduct, a reminder to all law-abiding citizens that
19   you can't turn a blind eye to criminal conduct, you can't
20   tolerate it, you cannot pretend that it's not happening,
21   because when you do that, you are really encouraging people to
22   engage in criminal conduct.
23           Now, I know that the folks sitting here in the
24   courtroom are not really concerned with the objectives of
25   sentencing.  They're concerned with the ultimate outcome here,

1   whether Mr. Myers is going to go to jail or not.  But it is the
2   process by which we determine that, that is important.
3           In imposing sentence here, I look to Mr. Myers' role
4   in this offense and what is appropriate as a punishment for
5   that role; I look to whether he is likely to commit further
6   crimes in the future; I look to whether or not some punishment
7   should be imposed here to discourage people from doing what he
8   did.  And taking those factors into account, I believe that a
9   variant sentence is appropriate.  I think a sentence of
10  probation of 2 years is an appropriate sentence.  But I also
11  believe that imposition of a fine is appropriate.
12          And the parties really haven't addressed the issue of
13  fine here, but I find that Mr. Myers is able to pay a fine and
14  a fine is appropriate given the nature of the conduct in which
15  he engaged.  I intend to impose a fine of $6,000.  And I am
16  required to impose a special assessment of $100.
17          So to recap what sentence I intend to impose, a
18  special assessment of $100; a fine of $6,000, both will be due
19  and payable immediately; and a probationary period of 2 years
20  with the recommended conditions as stated in the presentence
21  report.
22          Any need for clarification or further explanation?
23          *MR. PACHECO:*  Yes, Judge.  When you indicated that the
24  amount of $6,000 would be due today, could we ask that that
25  amount be spread over the time of the probation of two years?

1   The reason I make that request is the probation has submitted
2   to this court, they final -- they have the present ability to
3   pay a fine.  However, it does indicate he is now on retirement
4   and medical disability, which severely limits the amount that
5   he has.
6              *THE COURT:*  I understand that.  But the presentence
7   report reflects that he has a 401K plan he has been drawing
8   from in order to cover the deficit.  The amount of the 401K
9   plan has not been disclosed in the presentence report.  What is
10  the amount of the 401K plan?
11             *MR. PACHECO:*  Zero dollars, he's indicated to me.
12             *THE COURT:*  So how is he covering his monthly
13  expenditures from his 401K?
14             *THE DEFENDANT:*  I'm receiving $1,000 retirement from
15  FedEx.
16             *THE COURT:*  Is that listed as part of your income
17  here?  It says retirement income, $1,200.
18             *THE DEFENDANT:*  That's before taxes.
19             *THE COURT:*  Then it says the defendant has also filed
20  for disability benefits.  Are you receiving any?
21             *THE DEFENDANT:*  No, I'm not receiving any.
22             *THE COURT:*  He reported he is paying expenses from
23  moneys drawn -- withdrawn from his 401K plan.  When did you run
24  out of money in your 401K plan?
25             *THE DEFENDANT:*  Since I paid off all the bills, and I

```
 1  had just a little bit to live on.
 2          THE COURT:  When did you run out?
 3          THE DEFENDANT:  A couple of months ago.
 4          THE COURT:  Does this $1,200 retirement income reflect
 5  your entire family income?
 6          THE DEFENDANT:  Yes, right now -- my household, yes.
 7          THE COURT:  Okay.  So your wife is not receiving any
 8  income?
 9          THE DEFENDANT:  No.
10          THE COURT:  How long has that been going on?
11          THE DEFENDANT:  Pardon me?
12          THE COURT:  How long has that been going on?
13          MR. PACHECO:  The question is, how long has your wife
14  not been working?
15          THE DEFENDANT:  Well, technically, we're not legally
16  married.  We've been living together for ten years.
17          THE COURT:  She has not worked for the entire ten
18  years?
19          THE DEFENDANT:  A little bit here and there.
20          THE COURT:  All right.  Do you have any plans to sell
21  any of the six vehicles -- seven vehicles you have?
22          THE DEFENDANT:  I could, yes, Your Honor.
23          THE COURT:  All right.  What's the position of the
24  Government?
25          MR. TILL:  Your Honor, I believe that some kind of
```

1 relatively accelerated payment plan in the first half of
2 probation would be appropriate.
3     *THE COURT:* All right. So you would request that the
4 fine be paid within the first year; is that what you're saying?
5     *MR. TILL:* Yes, Your Honor. I think sometimes if we
6 have a fine that's still not paid at the end of the period, we
7 run out of time, so --
8     *THE COURT:* All right.
9     Mr. Pacheco.
10     *MR. PACHECO:* We can't argue with that, Judge. That
11 seems fair.
12     *THE COURT:* All right. This is what I will do, is, it
13 does not appear that this fine can be paid over time because
14 there is inadequate income to support the expenses that are
15 being incurred, so there is no extra money on a monthly basis
16 to apply to the fine. It's going to require the liquidation of
17 assets in order to pay the fine. And, therefore, I'm going to
18 order that the fine be paid within the first six months of the
19 probationary period.
20     Any further argument or need for clarification?
21     *MR. TILL:* Not from the Government, Your Honor. Thank
22 you.
23     *MR. PACHECO:* No, ma'am. Thank you for the time you
24 took to consider this case.
25     *THE COURT:* Then I'll impose judgment at this time.

1        Having considered the provisions of 18 U.S.C. Section
2   3553, both the sentencing objectives and the sentencing
3   factors, pursuant to the Sentencing Reform Act of 1984, it is
4   the judgment of the Court that the defendant, Johnie A. Myers,
5   be placed on probation for a term of 2 years.  While on
6   probation, he will not commit another federal, state, or local
7   crime; he will not possess a firearm as defined in 18 U.S.C.
8   Section 921; and he'll comply with the standard conditions that
9   have been adopted by the Court.
10       This sentence does impose a fine, and it will be a
11  condition of probation that the defendant pay the fine within
12  the first 6 months of the probationary period.
13       While on probation, the defendant may not lawfully
14  possess a controlled substance -- he may not unlawfully possess
15  a controlled substance; he will refrain from any unlawful use
16  of a controlled substance; he will submit to at least one drug
17  test within 15 days of placement on probation and at least two
18  periodic tests thereafter; he'll cooperate in the collection of
19  DNA as directed by the probation officer.
20       And I will, since there is a deferred payment on the
21  fine, impose certain special conditions of probation, which are
22  reasonably related to the factors enumerated in 3553 and also
23  3563.
24       The defendant will not incur any credit charges or
25  open any additional lines of credit without the approval of the

1    probation officer.  And that approval will be withheld until
2    the fine is paid.  As directed by the probation officer, the
3    defendant will apply any moneys he receives from income tax
4    refunds, lottery winnings, inheritances, judgments, and any
5    anticipated or unexpected financial gains to the outstanding
6    court-ordered financial obligation.  And, finally, the fine in
7    the amount of $6,000 will not bear interest, but will be paid
8    within 6 months of the advent of probation.
9             The special assessment of $100 is imposed and is due
10   and payable immediately.
11            Mr. Myers, I advise of your right to appeal this
12   sentence.  If you desire to appeal, a Notice of Appeal must be
13   filed with the Clerk of the Court within 14 days after judgment
14   is entered.  If you don't file that Notice of Appeal within
15   that time period, you lose your right to appeal.
16            Now, ordinarily, Mr. Pacheco would file the Notice of
17   Appeal for you.  But if for some reason you wish to appeal, and
18   he's unable or unwilling to file that Notice of Appeal within
19   the requisite time period, you may request, and I will direct,
20   the Clerk of the Court to file a Notice of Appeal on your
21   behalf.
22            I exonerate the defendant's bond at this time.
23            Is there any further business to bring before the
24   Court?
25            *MR. TILL:*  No, Your Honor.  Thank you.

1  *MR. PACHECO:* No, ma'am.  Thank you.

2  *THE COURT:* Thank you, Mr. Till; thank you,

3 Mr. Pacheco; thank you to our probation officer and our court

4 staff and marshal staff.  That will conclude this matter, and

5 we'll stand in recess.

6  (Recess at 9:40 a.m.)

7  REPORTER'S CERTIFICATE

8  I certify that the foregoing is a correct transcript from
the record of proceedings in the above-entitled matter.

9

  Dated at Denver, Colorado, this 18th day of October,
10 2012.

11  s/Therese Lindblom

12  _____
  Therese Lindblom,CSR,RMR,CRR
13